IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-01318-BNB

CLIFFORD WOODS,

     Plaintiff,

v.

ANTHONY DeCESARO,
DAVID TETGAN, and
FRANK ORTIZ,

     Defendants.

F I L E D
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JUL 15 2010

GREGORY C. LANGHAM
CLERK

---

## ORDER OF DISMISSAL

---

     Plaintiff, Clifford Woods, is in the custody of the Colorado Department of

Corrections and currently is incarcerated at the Four Mile Correctional Center in Cañon

City, Colorado. On May 27, 2010, Mr. Woods, acting *pro se*, submitted to the Court a

Prisoner Complaint pursuant to 28 U.S.C. § 1343 and 42 U.S.C. § 1983. Magistrate

Judge Boyd N. Boland reviewed the Complaint and entered an order on June 10, 2010,

directing Mr. Woods to file an Amended Complaint. Mr. Woods was instructed to assert

personal participation and to name and show how each individual caused the

deprivation of his federal rights. On July 8, 2010, Mr. Woods filed an Amended

Complaint.

     Mr. Woods asserts that Defendants violated his Fourteenth Amendment rights

when they punished him for exercising his right to access the courts. Mr. Woods further

asserts that he was terminated from his inmate jobs on two occasions and placed on

restricted privileges status "for needing to access the law library to file an opening brief

for a criminal appeal in the Colorado Supreme Court." (Am. Compl. at 4.) Mr. Woods seeks money damages and injunctive relief.

The Court must construe the Amended Complaint liberally because Mr. Woods is a **pro se** litigant. **See Haines v. Kerner**, 404 U.S. 519, 520-21 (1972); **Hall v. Bellmon**, 935 F.2d 1106, 1110 (10th Cir. 1991). If the Amended Complaint reasonably can be read "to state a valid claim on which the Mr. Woods could prevail, [a court] should do so despite the Mr. Woods's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." **Hall**, 935 F.2d at 1110. However, a court should not act as an advocate for a **pro se** litigant. **See id.** For the reasons stated below, the action will be dismissed as legally frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

The United States Constitution guarantees due process only when a person is to be deprived of life, liberty, or property. **See Templeman v. Gunter**, 16 F.3d 367, 369 (10th Cir. 1994). Mr. Woods does not allege that he was deprived of life or property. Therefore, he was entitled to procedural protections only if he was deprived of a liberty interest. The existence of a liberty interest depends upon the nature of the interest asserted. **See Sandin v. Conner**, 515 U.S. 472, 480 (1995). A prisoner is not entitled to any procedural protections in the absence of a grievous loss. **See Morrissey v. Brewer**, 408 U.S. 471, 481 (1972).

Generally, a liberty interest may arise under the United States Constitution or prison regulations. **See Sandin**, 515 U.S. at 483-84. Prison regulations may create a liberty interest if they impose an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." **Sandin**, 515 U.S. at 484. Nonetheless,

2

the termination of a job, change in classification status, and denial of access to a prison library alone are not constitutionally protected liberty interests.

The Constitution itself does not provide a prison inmate with any liberty interest in his classification or placement because he is not entitled to any particular degree of liberty in prison. *Meachum v. Fano*, 427 U.S. 215, 225 (1976); *Templeman*, 16 F.3d at 369. Due process guarantees do not protect every change in the conditions of confinement having a substantial adverse impact on the prisoner. *Meachum*, 427 U.S. at 224. The United States Supreme Court has recognized that a due process liberty interest is at stake when a prisoner's reclassification imposes an "atypical and significant hardship." *See Wilkinson v. Austin*, 545 U.S. 209, 223 (2005). But the conditions in *Wilkinson* were extreme, including indefinite solitary confinement that rendered the prisoner ineligible for parole. *See id.* at 224. The extreme conditions found in *Wilkinson* are not present here.

Mr. Woods' claim that he was placed on restricted privileges is vague and fails to assert restrictions that are sufficiently severe to create a protected liberty interest. *See, e.g., Blum v. Fed. Bureau of Prisons*, No. 98-1055, 1999 WL 638232, at *3 (10th Cir. Aug. 23, 1999) (holding that ninety-day confinement without store privileges, radio, and phone calls did not differ in significant degree and duration from ordinary incidents of prison life to create a protected liberty interest); *Villarreal v. Harrison*, No. 99-1268, 1999 WL 1063830, at *2 & n. 1 (10th Cir. Nov. 23, 1999) (concluding that conditions of prisoner's two-year confinement in administrative detention, including restricted telephone privileges and requirement that he eat all of his meals alone in his cell, were not so different as compared with normal incidents of prison life as to give rise to a

protected liberty interest); ***Madison v. Parker***, 104 F.3d 765, 768 (5th Cir. 1997)

(holding that thirty-day commissary and cell restrictions did not implicate due process

concerns); ***Kennedy v. Blankenship***, 100 F.3d 640, 642 (8th Cir. 1996) (finding no

liberty interest in thirty-day sanction that included restrictions on mail and telephone

privileges, visitation privileges, commissary privileges, and personal possessions).

Furthermore, Mr. Woods' claim that he was denied access to the prison law

library does state a violation of his constitutional rights. Mr. Woods must plead and

prove he was actually impeded in his ability to conduct a particular case to state a

violation of his rights. ***See Casey v. Lewis***, 518 U.S. 343 (1996). The right of access

to the courts extends only as far as protecting an inmate's ability to prepare initial

pleadings in a civil rights action regarding his current confinement or in an application

for a writ of habeas corpus. ***See Wolff v. McDonnell***, 418 U.S. 539, 576 (1974);

***Carper v. DeLand***, 54 F.3d 613, 617 (10th Cir. 1995). An inmate must satisfy the

standing requirement of "actual injury" by showing that the denial of legal resources

hindered his efforts to pursue a nonfrivolous claim. ***Casey***, 518 U.S. at 349-353.

In ***Casey***, the Supreme Court cited two examples of when an inmate's efforts to

pursue a legal claim may be hindered. First, an inmate's efforts may be hindered when

a complaint prepared by an inmate is dismissed for failure to satisfy a technical

requirement due to deficiencies in a prison's legal assistance facilities. ***Casey***, 518

U.S. at 351. Another example of hindering an inmate's efforts exists when an inmate is

so stymied by inadequacies of the law library that he is unable to file a complaint. ***Id.***

Neither example set forth in ***Casey*** is at issue in this case.

Mr. Woods does not assert an actual injury. He claims only that he was denied

4

access to the prison law library to file an opening brief in his state criminal appeal. Mr. Woods does not assert that he was unable to submit the appeal due to the denial of access to the library or why it was necessary to access the library. Mr. Woods also does not have a *per se* constitutional right to access a prison law library.

Furthermore, Mr. Woods does not identify a statute or regulation that entitles him to a prison job. Without such a statute or regulation Mr. Woods does not have a constitutional right to employment. *See Williams v. Meese*, 926 F.2d 994, 998 (10th Cir. 1991).

Even if the Court found that Mr. Woods had a *per se* constitutional right to access the prison law library, he fails to assert that Defendants retaliated against him for exercising this right by terminating his job and placing him on restricted status. *See Peterson v. Shanks*, 149 F.3d 1140, 1144 (10th Cir. 1998). "Mere allegations of constitutional retaliation will not suffice; plaintiff must rather allege specific facts showing retaliation because of the exercise of the prisoner's constitutional rights." *Frazier v. Dubois*, 922 F.2d 560, 562 n.1 (10th Cir. 1990); *see Peterson*, 149 F.3d at 1144 (a plaintiff must demonstrate that the "alleged retaliatory motives were the 'but for' cause of the defendants' actions"). Mr. Woods fails to demonstrate how retaliatory motives were the "but for" cause for the termination of his job and for his placement on restricted privileges status. Accordingly, it is

ORDERED that the Complaint and action are dismissed as legally frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

DATED at Denver, Colorado, this __14th__ day of __July__, 2010.

BY THE COURT:

_Christine M Arguello_
_____
CHRISTINE M. ARGUELLO
United States District Judge, for
ZITA LEESON WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 10-cv-01318-BNB

Clifford Woods
Prisoner No. 81438
CMC-FMCC
P.O. Box 300
Cañon City, CO 81215-0300

    I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on 7|15|10

GREGORY C. LANGHAM, CLERK

By: _____
              Deputy Clerk